FILED
United States Court of Appeals
Tenth Circuit

July 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID C. MONTOYA,

Petitioner - Appellant,

v.

STEVE HARTLEY, Warden, L.C.F.;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 10-1227
(D. Ct. No. 1:08-CV-00152-WDM)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

Petitioner-appellant David C. Montoya, a state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his habeas

petition which he brought pursuant to 28 U.S.C. § 2254. We take jurisdiction under 28

U.S.C. §§ 1291 and 2253(c), we DENY Mr. Montoya's application for COA, and we

DISMISS his appeal.

## I. BACKGROUND

In 2005, Mr. Montoya pleaded guilty in Colorado state court to one count of

---

[*]This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

aggravated robbery. Specifically, he admitted that he committed robbery by the use of force, threats, or intimidation with a deadly weapon (a knife) and that he knowingly put the victim in reasonable fear of death or bodily injury. He was sentenced to twenty-three years' imprisonment for this crime.

Mr. Montoya did not file a direct appeal but he did seek state post-conviction relief which was denied. He then filed the instant § 2254 petition. In the petition, Mr. Montoya argues that the district court enhanced his sentence above the statutory maximum based on facts that were not admitted by him or found by a jury beyond a reasonable doubt in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). The district court denied Mr. Montoya's § 2254 petition because it concluded that his twenty-three year sentence was less than the maximum sentence prescribed by Colorado statute. Mr. Montoya now seeks a COA in order to appeal from the district court's decision.

## II. DISCUSSION

In order to appeal from the denial of a § 2254 petition, a prisoner must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies a prisoner's petition on the merits, a prisoner satisfies this burden by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his application for a COA, Mr. Montoya repeats his argument that he was sentenced to a term of imprisonment beyond the statutory maximum based on facts not admitted by him or presented to a jury in violation of *Apprendi* and *Blakely*. We disagree.

Under Colorado law, aggravated robbery is a class 3 felony and is considered to be an "extraordinary risk crime." *See* Colo. Rev. Stat. § 18-4-302(3). When the defendant puts the victim in reasonable fear of death or bodily injury by the use of force, threats, or intimidation with a deadly weapon, aggravated robbery is also considered to be a violent crime that is subject to certain mandatory sentencing provisions. *Id*. § 18-4-302(4). The mandatory sentencing provisions for violent crimes require that the defendant "be sentenced . . . for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range . . . ." *Id*. § 18-1.3-406. Furthermore, when the crime of violence is also an extraordinary risk crime, "the maximum sentence in the presumptive range shall be increased by four years . . . ." *Id*. § 18-1.3-401(10)(a).

The presumptive sentencing range for class 3 felonies like aggravated robbery is four to twelve years' imprisonment. *Id*. § 18-1.3-401(1)(a)(V)(A). Because the Colorado legislature has determined that aggravated robbery is an extraordinary risk crime, however, the maximum sentence in the presumptive range is increased to sixteen years. Furthermore, because Mr. Montoya committed the crime by putting his victim in reasonable fear of death or bodily injury by the use of force, threats, or intimidation with a deadly weapon, the sentencing court was required to sentence him to at least the midpoint of the presumptive range but not more than twice the maximum of the

presumptive range. In other words, the sentencing court was required by statute to sentence Mr. Montoya to a term of imprisonment within the range of ten to thirty-two years. Accordingly, the twenty-three year sentence he received was not beyond the statutory maximum and did not violate the mandates of *Apprendi* and *Blakely*. Therefore, reasonable jurists could not debate the district court's assessment of Mr. Montoya's constitutional claims.

### III. CONCLUSION

For the foregoing reasons, we DENY Mr. Montoya's application for a COA and DISMISS his appeal. We also DENY his request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge